**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TERRENCE EDWARD HAMMOCK, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. ELH-23-422 |
| DETECTIVE CHRISTOPHER PODGURSKI, *et al.*, | * | |
| Defendants. | * | |

***

**MEMORANDUM**

Plaintiff Terrence Edward Hammock, who is incarcerated at Eastern Correctional Institution ("ECI"), alleges, pursuant to 42 U.S.C. § 1983, that defendants violated his rights when they illegally obtained and presented the testimony of a minor against him in a criminal proceeding. ECF 1. For the reasons discussed below, Hammock's Complaint is subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim. Hammock will be provided with an opportunity to file an amended complaint to correct the deficiencies noted.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this court to conduct an initial screening of the Complaint and to dismiss the Complaint if it (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S. Ct. 1721 (2020). Here, the Complaint is deficient because Hammock has not alleged a violation of his constitutional rights by any individual who is amenable to suit under § 1983.

Hammock alleges that Detective Christopher Podgurski, "Office[r] Mr. Allen," and "Officer Ms. Noppinger" illegally interviewed a minor child at her school without the consent of the child's parents, and that testimony was later used against him at a criminal trial. ECF 1 at 3. He also names the "principal and/or school board," seeking to hold them responsible for the allegedly illegal interview. *Id*.

The described actions do not constitute a violation of Hammock's rights. At most, they would violate the child's rights. Hammock does not have standing to sue for violations of the minor child's rights, even if he was adversely affected at his trial as a result.

To state a civil rights claim, a prisoner must allege that he personally sustained a deprivation of right, privilege, or immunity secured by the Constitution or federal law. *See Inmates v. Owens*, 561 F.2d 560, 563 (4th Cir. 1977). To demonstrate standing, "Plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *See Allen v. Wright*, 468 U.S. 737, 751 (1984) (abrogated on other grounds by *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014)). A plaintiff cannot assert the rights of others who may suffer harm due to alleged unconstitutional actions unless the plaintiff has suffered a cognizable injury, or he has some close relational tie with the third party he is seeking to protect, or the third party is unable to assert the right himself. *See Powers v. Ohio*, 499 U.S. 400, 410-411 (1991) (criminal defendant has third party standing to raise right of jurors not to be excluded on basis of race). Hammock simply has no standing to assert the rights of a minor child who may have suffered harm as the result of a constitutional violation.

Additionally, Hammock names Maryland Assistant State's Attorneys Michelle Fuller and Michael Fuller as defendants, alleging that they presented illegal evidence against him at his criminal trial. ECF 1 at 5-6. Maryland's Assistant State's Attorneys are criminal prosecutors who

2

have immunity from claims for damages, including under § 1983, arising from the performance of prosecutorial functions that are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 422-24, 430 (1976); *see also Kalina v. Fletcher*, 522 U.S. 118, 125 (1997).

Courts use a "functional approach" to "determine whether a particular act is 'intimately associated with the judicial phase'" under which the focus is on the "nature of the function performed without regard to the identity of the actor who performed it, the harm that the conduct may have caused, or even the question whether it was lawful." *Nero v. Mosby*, 890 F.3d 106, 118 (4th Cir. 2018) (citations omitted). Actions closely associated with the judicial phase of the criminal process include the "initiation and conduct of a prosecution." *Burns v. Reed*, 500 U.S. 478, 479 (1991). Such actions include professionally evaluating evidence assembled by the police, deciding to seek an arrest warrant, preparing and filing charging documents, participating in a probable cause hearing, and presenting evidence at trial. *Nero*, 890 F.3d at 118. Hammock's claims against Michelle Fuller and Michael Fuller relate to the manner in which they conducted a criminal prosecution and trial, including decisions relating to what evidence to present to the jury. Accordingly, the doctrine of prosecutorial immunity prevents Hammock from pursuing this federal civil action for damages against the prosecutors. *See* 28 U.S.C. § 1915A(b)(2).

A complaint drafted by a self-represented plaintiff is held to a less stringent standard than one drafted by an attorney. A plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to particularize the complaint to define the issues and to name proper defendants. *See Johnson v. Silver*, 742 F.2d 823, 825 (4th Cir. 1984). Hammock will be provided with an opportunity to file an amended complaint, due within 28 days of the date of docketing of the attached Order. In drafting his amended complaint, Hammock

should set forth a factual basis for how each individual defendant's actions or inaction violated his rights.

To comply with the Federal Rules of Civil Procedure, a complaint must contain, at a minimum, a short and plain statement of the claim that shows the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and also the names of each defendant. *See* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Hammock is reminded that, in general, the amended complaint replaces the original complaint filed. The general rule is that "'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" *Young v. City of Mt. Ranier*, 238 F.3d 567, 572 (4th Cir. 2001), quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000) (noting exception for purposes of appellate review of claims dismissed in original complaint that were not included in amended complaint); *see Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021). Therefore, the amended complaint must include allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action, to which defendants must respond. If the amended complaint does not meet the requirements set forth in the Memorandum and Order, it may be dismissed, with prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Hammock is further forewarned that his right to file a complaint in federal court without first paying the filing fee ($402) will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i)(ii) and 1915A(b)(1) as frivolous, malicious, or for failure to state a claim while he is incarcerated.  *See* 28 U.S.C. § 1915(g).

Finally, Hammock is advised that if he intends to contest his state conviction or sentence, the proper vehicle is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Plaintiff will be provided with forms to assist him should he choose to pursue such a petition.

An Order follows.

Date:  March 21, 2023                                    /s/                           
                                                   Ellen L. Hollander
                                                   United States District Judge