IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TERRENCE EDWARD HAMMOCK,　　　　*

Plaintiff,　　　　　　　　　　　　　　*

v.　　　　　　　　　　　　　　　　　*　　　Civil Action No. ELH-23-422

DETECTIVE CHRISTOPHER PODGURSKI,　*
*et al.*,
　　　　　　　　　　　　　　　　　*
Defendants.
　　　　　　　　　　　　　　　***

## MEMORANDUM

Plaintiff Terrence Edward Hammock, who is incarcerated at Eastern Correctional Institution ("ECI"), filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming multiple defendants. ECF 1. He alleges, *inter alia*, that defendants violated his constitutional rights when they interviewed or permitted the interview of a minor child, while at school, and then used the testimony against him at a criminal trial. *Id.*

Hammock did not state a claim against a proper defendant. Therefore, his complaint was subject to dismissal, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). ECF 4. However, Hammock was provided an opportunity to file an amended complaint and advised of the requirements for ensuring its sufficiency. ECF 5.

Hammock timely filed his amended complaint. ECF 6. But, it does not comply with the Court's directions. Therefore, the case shall be dismissed, without prejudice.

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require this Court to conduct an initial screening of Hammock's amended complaint and to dismiss any complaint that (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b);

*see also Lomax v. Ortiz-Marquez,* 590 U.S. ___, 140 S.Ct. 1721 (2020). Hammock's initial complaint did not allege a violation of his constitutional rights by an individual amenable to suit under § 1983.

Specifically, Hammock was advised that the illegal questioning of a minor does not violate his rights and therefore he has no standing to sue any person who may have participated in such action. ECF 4 at 2. Additionally, Hammock was advised that his claims against the prosecutors were not viable because those defendants are immune from suit. *Id.* at 2-3. And, Hammock was advised that, "[i]n drafting his amended complaint, [he] should set forth a factual basis for how each individual defendant's actions or inaction violated his rights." *Id*. at 4.

Hammock's amended complaint fails to comply with the Court's directives. *See* ECF 6. The proposed amended complaint does not raise any new claims, nor does it contain any factual allegations that would support liability, if proven. Instead, Hammock attached a copy of the original complaint to the Court's civil rights complaint form, and stated that he is "not challenging the fact that the police illegally interrogated the minor without the parent consent." ECF 6 at 4. Rather, he explains that he is "suing" because of "their illegal misconduct and wrongful action lead to an illegal 100 year sentence." *Id.* To the extent Hammock seeks to challenge the legality of his conviction and sentence, he may be able to do so by filing a Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254. But, the amended complaint fails to state any discernable claim under 42 U.S.C. § 1983. Therefore, I shall dismiss the suit, without prejudice.

A separate Order follows.

May 7, 2024 /s/
Date  Ellen L. Hollander
  United States District Judge

2